# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**LUIS ALBERTO ALVAREZ-CUAN,**

    Petitioner,

v.                                        Case No.: 8:20-cv-414-T-27AEP
                                               Criminal Case No.: 8:12-cr-519-T-27AEP

**UNITED STATES OF AMERICA,**

    Respondent.
_____/

## ORDER

**BEFORE THE COURT** are Petitioner Alvarez-Cuan's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (cv Dkt. 1), the United States' Motion to Dismiss (cv Dkt. 4), and Alvarez-Cuan's Reply (cv Dkt. 9). Upon review, the § 2255 motion is **DENIED**.

## BACKGROUND

In 2012, Alvarez-Cuan was indicted and charged with one count of possession with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506(a), and 21 U.S.C. § 960(b)(1)(B)(ii). (cr Dkt. 1). He pleaded guilty to the one count pursuant to a written plea agreement. (cr Dkts. 30, 35, 36). The factual basis in the plea agreement, as established at his change of plea hearing,[1] reflected that he was "spotted on a sailing vessel approximately 41

---

[1] Neither party provides transcripts of Alvarez-Cuan's change of plea hearing or sentencing, despite this Court's order that the United States, "[a]s part of the initial pleading, . . . [p]rocure transcripts of the sentencing hearings and relevant trial proceedings . . . and file them concurrently with the initial pleading . . . ." (cv Dkt. 3 at 1-2). Notwithstanding, the minutes of the change of plea hearing reflect that the factual basis was "established," and Alvarez-Cuan does not dispute the plea agreement's factual basis. (cr Dkt. 30).

1

nautical miles south of the Dominican Republic, in international waters of the Caribbean Sea." (cr Dkt. 36 at 17). "Coast Guard personnel boarded the vessel," and Alvarez-Cuan was "identified as the master and owner of the vessel." (Id. at 18). Although the vessel was flying a U.S. flag and had a hailing port of St. Petersburg, Florida, Alvarez-Cuan "stated that the vessel was registered in the Dominican Republic," and "[t]here was . . . Dominican registration information." (Id. at 17-18). The Dominican Republic authority "could neither confirm nor deny the vessel's nationality." (Id at 18). Coast Guard officers found bales of cocaine onboard the vessel. (Id.).

Alvarez-Cuan was sentenced to 180 months imprisonment followed by five years supervised release. (cr Dkt. 46). Judgment was entered on July 12, 2013. (cr Dkt. 54). He did not file a direct appeal.[2] In 2015, 2018, and 2020, he filed motions to reduce his sentence under 18 U.S.C. § 3582 and Amendment 782 to the Sentencing Guidelines, which were denied. (cr Dkts. 59, 65, 66, 82, 86).

In February 2020, he filed this § 2255 motion, raising two grounds for relief. First, he contends that his counsel was ineffective in failing to advise him of the "benefit[s] and detriment[s]" of an appeal. (cv Dkt. 1 at 4). Second, he contends that the district court lacked jurisdiction over his offense because it is disputed whether the Coast Guard obtained permission from the Dominican Republic to take custody of him, and the Coast Guard stopped at Puerto Rico

---

[2] As the plea agreement provided, Alvarez-Cuan waived the right to appeal his sentence

> on any ground, including the ground that the Court erred in determining the applicable guidelines range . . . except (a) the ground that the sentence exceeds [his] applicable guidelines range *as determined by the Court* . . . ; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution . . . .

(cr Dkt. 36 at 15 (emphasis in original)).

before transporting him to Tampa. (Id. at 5). The United States correctly contends the claims are untimely. (cv Dkt. 4 at 3). They are also without merit.[3]

## DISCUSSION

In summary, Alvarez-Cuan is not entitled to relief because his claims are untimely and without merit. Specifically, absent deficient performance, his ineffective assistance of counsel claim fails. Further, the district court had jurisdiction over his offense.

*Timeliness*

The Antiterrorism and Effective Death Penalty Act imposes a one-year statute of limitations to file a § 2255 motion, which runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Alvarez-Cuan does not dispute that he failed to file his motion within one year of when his judgment of conviction became final.[4] (cv Dkt. 9 at 1); *see Adams v. United States*, 173 F.3d 1339,

---

[3] An evidentiary hearing is unnecessary to resolve Alvarez-Cuan's claims, since the § 2255 motion "and the files and records of the case conclusively show that [he] is entitled to no relief." 28 U.S.C. § 2255(b).

[4] Judgment was entered on July 12, 2013, and there was no direct appeal. (cr Dkt. 54). Alvarez-Cuan placed his § 2255 motion in the prison mailing system on February 18, 2020, nearly seven years later. (cv Dkt. 1 at 12).

1340-43 & 1342 n.2 (11th Cir. 1999). Rather, he asserts that his "motion is timely for Ground one under the recent Supreme Court holding in *Garza v. Idaho* holding citing *Roe v. Flores-Ortega* and Ground Two under Jurisdictional challenge." (cv Dkt. 1 at 10). In his reply, he also contends that the appeal waiver included in the plea agreement was a "but for" and "proximate" cause of his counsel's ineffective assistance, and therefore constitutes "governmental action" under § 2255(f)(2). (cv Dkt. 9 at 2). He further reasons that his motion was filed within one year of *Garza v. Idaho*, 139 S. Ct. 738 (2019), which he asserts applies retroactively to his case. (Id. at 2-3). As to Ground Two, he contends that his jurisdictional challenge cannot be waived or forfeited, and that, alternatively, his claim should be construed as a motion to dismiss his Indictment. (Id. at 4-5). Last, he complains that delay in his initial appearance before a Magistrate Judge was "unnecessary" and requests an out-of-time appeal. (Id. at 5). These contentions are without merit.[5]

First, Alvarez-Cuan cites no authority supporting his contention that the plea agreement's appeal waiver constitutes an "impediment to making a [§ 2255] motion created by governmental action in violation of the Constitution or laws of the United States." § 2255(f)(2). He does not specify how the waiver impeded him from filing this motion, or how that impediment has since

---

[5] Although Alvarez-Cuan argues that he is entitled to equitable tolling, his assertions instead relate to the date on which the statute of limitations started to run. (cv Dkt. 9 at 1-3). In any event, he fails to support a finding of equitable tolling, which requires him to show that he untimely filed "because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Outler v. United States*, 485 F.3d 1273, 1280 (11th Cir. 2007) (citations omitted). He fails to show extraordinary circumstances and due diligence. *See, e.g.*, *Perez v. Florida*, 519 F. App'x 995, 997 (11th Cir. 2013) ("[W]e have not accepted a lack of a legal education and related confusion or ignorance about the law as excuses for a failure to file in a timely fashion."). Actual innocence also provides an exception to the limitations period "when the petitioner presents new evidence that 'shows it is more likely than not that no reasonable juror would have convicted the petitioner.'" *Gore v. Crews*, 720 F.3d 811, 817 (11th Cir. 2013) (citation omitted). Alvarez-Cuan does not present evidence to support such a finding.

been "removed."[6] *Id.* And rather than an impediment "created by governmental action," he agreed to the appeal waiver knowingly and voluntarily. (cr Dkt. 35; cr Dkt. 36 at 15-17).

Second, courts have held that the Supreme Court's holding in *Garza* did not create a new rule of constitutional law or apply retroactively to cases on collateral review. *See, e.g.*, *In re Sanchez*, No. 19-11288-B, 2019 U.S. App. LEXIS 13242, at *4 (11th Cir. May 1, 2019). Rather, the Supreme Court "simply extended *Flores-Ortega*'s[7] holding to cases in which the defendant has executed an appeal waiver." *Id.* Further, *Garza* related to an attorney's failure to file an appeal when specifically requested by a defendant, not a claim of failure to advise a defendant of the advantages and disadvantages of an appeal. Accordingly, Alvarez-Cuan has not shown that his claims fall within *Garza*'s scope. *See Beeman v. United States*, 871 F.3d 1215, 1219 (11th Cir. 2017) (citations omitted) (noting that the statute of limitations "requires a claim-by-claim approach to determine timeliness"). In summary, the statute of limitations started to run on the date his judgment of conviction became final, and his motion was not filed within one year of that date.

As for his contention that his jurisdictional challenge in Ground Two cannot be barred as untimely, the Eleventh Circuit has instructed that the "one-year limit applies even though [a] new claim is an attack on the district court's jurisdiction." *Williams v. United States*, 383 F. App'x 927, 929 (11th Cir. 2010); *see also Smith v. United States*, No. 3:13-cv-924-J-34PDB, 2016 WL 3194980, at *8 (M.D. Fla. June 9, 2016) (collecting cases). And his claim in Ground Two appears to also challenge venue, not merely the district court's jurisdiction. Further, he cites no authority

---

[6] The appeal waiver did not preclude a collateral attack to Alvarez-Cuan's conviction or sentence. (cr Dkt. 36 at 15). And as he observes, he was nonetheless able to file *pro se* motions to reduce his sentence. (cv Dkt. 9 at 2). Notably, the filing of his § 3582 motions did not toll or restart the limitations period. *See, e.g.*, *Williams v. United States*, No. 6:04-cr-70-Orl-31GJK, 2012 WL 398245, at *2 (M.D. Fla. Feb. 8, 2012).

[7] *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000).

5

supporting his alternative request that his untimely claim be construed as a motion to dismiss his Indictment. (cv Dkt. 9 at 4-5); *see United States v. Marrero*, 573 F. App'x 896, 897 (11th Cir. 2014) (finding that district court lacks authority to consider a motion to dismiss an indictment when criminal case is "no longer pending").

Last, even if the asserted two-week delay for his appearance before a Magistrate Judge was "unnecessary" under Fed. R. Crim. P. 5(a)(1)(B), Alvarez-Cuan provides no authority finding that such delay excuses an otherwise untimely motion or entitles him to an out-of-time appeal.[8] Accordingly, his motion, filed nearly seven years after his judgment became final, is untimely. However, even if the claims are not untimely, they are without merit.

***Ground One***

In Ground One, Alvarez-Cuan asserts that "[t]he Constitution requires that defense counsel advise the defendant of benefit and detriment of direct appeal." (cv Dkt. 1 at 4). He explains:

> An attorney's failure to inform the defendant of all material consequences of not appeal[]ing amounts to inadequate performance. Before and after sentencing, defense counsel told Mr. Alvarez-Cuan that he had waived his right to appeal. But Mr. Alvarez-Cuan reiterated to defense counsel that he did not believe the sentence was fair, especially since the conviction resulted from an arrest unrelated to United States territory which could not be squared with any concept of justice. In fact, he complained that he was first brought to the 1st District (P.R.) but then brought to the 11th District (M.D. of Fla.). Nevertheless, defense counsel failed to inform Mr. Alvarez-Cuan that if he did not file a direct appe[a]l, then he forfeited or waived any future challenge to the conviction or sentence. Furthermore, counsel did not explain that if he did not appeal, another attorney would be appointed and his transcripts would be provided without charge. Moreover, counsel failed

---

[8] To the extent he contends that the delay constitutes an independent basis for relief, he did not properly raise this argument as a claim in his § 2255 motion. *See* (cv Dkt. 1). In any event, the claim is untimely, and he has not shown that his assertions entitle him to relief. *See Hitchcock v. United States*, 580 F.2d 964, 966 (9th Cir. 1978) (finding that claim of violation of Rule 5(a) was "insufficient under section 2255"); *see also Tiemens v. United States*, 724 F.2d 928, 929 (11th Cir. 1984) ("[A] guilty plea waives all non-jurisdictional defects occurring prior to the time of the plea . . . ."); *United States v. Cabezas-Montano*, 949 F.3d 567, 592-93 (11th Cir. 2020) (collecting reasonable delay cases).

> to explain that if he did not appeal, then he foreclosed his ability to raise certain meritorious challenges in the future. Instead, he permitted Mr. Alvarez-Cuan to waive his right to appeal in the plea agreement which the Supreme has recently found to be ineffective assistance of counsel. This Court should either reinstate Mr. Alvarez-Cuan's right to appeal or schedule an evidentiary hearing in order for him to prove his claim.

(Id.). In his reply, he further asserts that his "inquiries and requests to his then-counsel regarding filing for appeal resulted in the sole response that he had signed a plea agreement requiring an appeal waiver to avoid a 'life sentence.'" (cv Dkt. 9 at 2). These contentions are without merit.

To establish ineffective assistance of counsel, Alvarez-Cuan must demonstrate that (1) counsel's performance was constitutionally deficient, and (2) he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).[9] An attorney's failure to file a notice of appeal as requested by a defendant constitutes deficient performance. *Flores-Ortega*, 528 U.S. at 477. If a defendant does not instruct counsel to file an appeal or ask that an appeal not be taken, a court must determine whether counsel "consulted" with the defendant about an appeal, which means "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id.* at 478. Counsel has a duty to consult "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480. Relevant

---

[9] "Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689. Notably, "counsel owes a lesser duty to a client who pleads guilty than to one who decides to go to trial," and "need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between accepting the prosecution's offer and going to trial." *Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984). Counsel must make an "independent examination of the facts, circumstances, pleadings and laws involved, [and] offer his informed opinion as to the best course to be followed in protecting the interests of the client." *Id.*

7

factors include whether the defendant pleaded guilty, received the sentence he bargained for, or waived his appellate rights. *Id*.

Alvarez-Cuan has not shown that counsel's performance was deficient. First, he does not raise as a claim in his motion that he requested counsel to file an appeal, which counsel failed to do. (cv Dkt. 1 at 4). Although in his reply he asserts that he made "inquiries and requests . . . regarding filing an appeal," counsel purportedly responded that Alvarez-Cuan had "signed a plea agreement requiring an appeal waiver to avoid a 'life sentence.'" (cv Dkt. 9 at 2). Alvarez-Cuan does not allege that following this conversation, he asked counsel to file an appeal. Second, a rational defendant would not have wanted to appeal. Alvarez-Cuan pleaded guilty, and the plea agreement included a broad appeal waiver. Further, he received a sentence within the guidelines range, and he does not point to errors at sentencing or nonfrivolous grounds for appeal. (cr Dkt. 46 at 1, 3). Although he asserts his sentence was not "fair," he does not support the assertion with factual detail, and his subjective belief that his sentence was not "fair" is not a basis to appeal.

Last, even assuming that Alvarez-Cuan reasonably demonstrated to counsel that he was interested in appealing by expressing his dissatisfaction with his sentence and making "inquiries and requests to his then-counsel regarding filing for appeal," he does not demonstrate that counsel failed to consult with him about an appeal. (cv Dkt. 9 at 2). Indeed, he acknowledges that "[b]efore and after sentencing," counsel explained to him that he had waived his right to appeal. (cv Dkt. 1 at 4). Further, he spoke with counsel about a possible appeal, and counsel's response was that Alvarez-Cuan "signed a plea agreement requiring an appeal waiver to avoid a 'life sentence.'" (cv Dkt. 9 at 2). Considering the record and the sentence Alvarez-Cuan received, it was reasonable for counsel to have advised him that there was no basis to appeal. Evidently, Alvarez-Cuan did not

8

disagree with this assessment or insist on counsel filing a frivolous appeal. *Cf. Devine v. United States*, 520 F.3d 1286, 1289 (11th Cir. 2008) (where defendant understands attorney's opinion that an appeal would be futile, court's finding that defendant did not reasonably demonstrate to attorney that he was interested in appealing not erroneous); *Gaston v. United States*, 318 F. App'x 750, 752 (11th Cir. 2008) (same).

Further, he cites no authority requiring counsel to explain to a defendant that if he does not file an appeal, he "forfeit[s] or waive[s] any future challenge to the conviction or sentence," or that "another attorney would be appointed and his transcripts would be provided without charge."[10] (cv Dkt. 1 at 4). Indeed, the record reflects that at sentencing he was advised of his right to appeal and to counsel. (cr Dkt. 46 at 3). And he does not specify how provided transcripts would have affected his decision whether to appeal. In summary, absent deficient performance, Alvarez-Cuan's ineffective assistance of counsel claim is due to be denied.

***Ground Two***

In Ground Two, Alvarez-Cuan contends that "[t]his Court lacked Jurisdiction to indict the Defendant." (cv Dkt. 1 at 5). He explains that he

> was stopped by the U.S. Coast Guard off the waters of Dominican Republic where the U.S.C.G. proceeded to board under the belief that the sailboat's registry was fake. They boarded the vessel prior to requesting permission from the Dominican Republic but then confirmed the registry to be valid. It is disputed whether or not the U.S.C.G. obtained permission from the Dominican Republic authorities to take custody of Mr. Alvarez-Cuan. But

---

[10] As Alvarez-Cuan acknowledges, however, his challenge to the district court's jurisdiction cannot be waived, forfeited, or procedurally defaulted by a failure to raise it on appeal. (cv Dkt. 9 at 4 (citing *Howard v. United States*, 374 F.3d 1068 (11th Cir. 2004)). Further, Alvarez-Cuan asserts that, rather than explain these issues, counsel "permitted Mr. Alvarez-Cuan to waive his right to appeal in the plea agreement which the Supreme has recently found to be ineffective assistance of counsel." (cv Dkt. 1 at 4). This claim appears to relate to Alvarez-Cuan's decision to enter into the plea agreement, rather than counsel's alleged failure to explain the advantages and disadvantages of an appeal. However, Alvarez-Cuan does not expressly challenge the validity of his guilty plea and the appeal waiver, and any such challenge is belied by the record.

9

> more importantly, the U.S.C.G. stopped at Puerto Rico (1st Cir.) for one day but then proceeded to take Mr. Alvarez-Cuan to Tampa (11th Cir.). Hence the challenge here is whether the U.S.C.G. actually established Jurisdiction for the United States to arrest Mr. Alvarez-Cuan and if so, did the 11th Cir. Courts have jurisdiction to proceed with the indictment given that he was stopped at the 1st Cir. which should have established Puerto Rico as the proper venue for Mr. Alvarez-Cuans indictment.

(Id.). His contentions are without merit.

First, as to Alvarez-Cuan's jurisdictional challenge, under the Maritime Drug Law Enforcement Act (MDLEA), it is unlawful for any person on board a "covered vessel" to knowingly possess with the intent to distribute a controlled substance. 46 U.S.C. § 70503(a).[11] The factual basis in Alvarez-Cuan's plea agreement reflected that although the vessel was flying a U.S. flag, "expired U.S. registration" was found, "as well as Dominican registration information." (cr Dkt. 36 at 17-18). Further, the Dominican Republic authority "could neither confirm nor deny the vessel's nationality." (Id. at 18). Accordingly, the stipulated facts establish that Alvarez-Cuan committed the offense on board a "covered vessel," and because the indictment charged him with a violation of a law of the United States, the district court had jurisdiction over the offense. (cr Dkt. 1); *Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000).[12]

---

[11] Covered vessels include "a vessel of the United States or a vessel subject to the jurisdiction of the United States." 46 U.S.C. § 70503(e). A vessel subject to the jurisdiction of the United States includes a "vessel without nationality," meaning a "vessel aboard which the master . . . makes a claim of registry that is denied by the nation whose registry is claimed" or "for which the claimed nation of registry does not affirmatively and unequivocally assert that the vessel is of its nationality." § 70502(c), (d). A claim of nationality or registry can be made by documents "evidencing the vessel's nationality," "flying its nation's ensign or flag," or "a verbal claim." 70502(e). "If, after a claim of registry is made, a foreign nation responds that it can neither confirm nor deny the registry of that vessel, then that vessel is subject to United States jurisdiction as a vessel without nationality." *United States v. Bautista Ortiz*, 808 F. App'x 984, 986 (11th Cir. 2020) (citation omitted).

[12] In support of his contention, Alvarez-Cuan cites *United States v. Iguaran*, 821 F.3d 1335 (11th Cir. 2016), in which the Eleventh Circuit determined that, despite a guilty plea and stipulation to jurisdiction, the record did not establish that the defendant's vessel was subject to the jurisdiction of the United States. The court noted, however, that parties may, as here, "stipulate to facts that bear on [the] jurisdictional inquiry." *Id.* at 1337 (citations omitted); *see also United States v. De La Garza*, 516 F.3d 1266, 1271-72 (11th Cir. 2008). Additionally, Alvarez-Cuan was

Alvarez-Cuan's contention that the Middle District of Florida was an improper venue because he was transported by the U.S. Coast Guard to Puerto Rico "for one day" is likewise without merit. (cv Dkt. 1 at 5). First, courts have found that "[v]enue is not subject to collateral attack under [§] 2255." *See Entrekin v. United States*, 508 F.2d 1328, 1330 (8th Cir. 1974); *Williams v. United States*, 582 F.2d 1039, 1041-42 (6th Cir. 1978). And by "plead[ing] guilty to the indictment, he waived a challenge to venue." *See United States v. Diaz-Rosado*, 725 F. App'x 847, 855 (11th Cir. 2018). Further, the MDLEA "makes clear that 'if the offense was begun or committed upon the high seas, or elsewhere outside the jurisdiction of any particular State or district,' the accused 'may be tried in any district.'"[13] *United States v. Gonzales-Cahvec*, 750 F. App'x 853, 855 (11th Cir. 2018) (quoting 46 U.S.C. § 70504(b)(2)).

Accordingly, Alvarez-Cuan's contentions relating to jurisdiction and venue are without merit. To the extent he seeks to raise an independent claim that counsel was ineffective in failing to raise these issues, counsel is not ineffective in failing to raise an argument that has no legal basis. *Freeman v. Attorney General, State of Florida*, 536 F.3d 1225, 1233 (11th Cir. 2008). Any related ineffective assistance of counsel claim therefore fails.

---

"spotted on a sailing vessel . . . in *international* waters of the Caribbean Sea." (cr Dkt. 36 at 17 (emphasis added)); *United States v. Davila-Mendoza*, No. 17-12038, 2020 WL 5035795, at *2 (11th Cir. Aug. 26, 2020) (distinguishing between drug trafficking in foreign territorial and international waters); *see also United States v. Rendon,* 354 F.3d 1320, 1327-28 (11th Cir. 2003) (finding MDLEA conviction did not violate due process).

[13] Title 18 U.S.C. § 3238 provides that the "trial of all offenses begun or committed upon the high seas, or elsewhere out of the jurisdiction of any particular State or district, shall be in the district in which the offender . . . is arrested or is first brought . . . ." And the Indictment specified that Alvarez-Cuan "will be first brought into the United States at a point in the Middle District of Florida." (cr Dkt. 1 at 1). Notwithstanding, Alvarez-Cuan does not cite any authority that has found, after 46 U.S.C. § 70504 was amended to allow for trial in "any district," venue improper where an offense was prosecuted in a district other than where the defendant was "first brought." *See United States v. Miranda*, 780 F.3d 1185, 1196 (D.C. Cir. 2015) (explaining history of § 70504). He also fails to identify any prejudice resulting from the purported improper venue. In any event, the claim is untimely, waived, and not cognizable.

11

*Certificate of Appealability ("COA")*

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right," which requires Alvarez-Cuan to demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (discussing standard for procedural rulings). I find that jurists of reason could not disagree with the resolution of Alvarez-Cuan's constitutional claims or the procedural rulings, or conclude that the issues presented are adequate to deserve encouragement to proceed further. Because he has not met the required standard, he is not entitled to a COA and cannot appeal *in forma pauperis*.

## CONCLUSION

Petitioner Alvarez-Cuan's § 2255 motion is untimely and without merit. Accordingly, the motion is **DENIED** (cv Dkt. 1). The United States' Motion to Dismiss is **DENIED as moot**. (cv Dkt. 4). The Clerk is directed to enter judgment in the United States' favor and against Alvarez-Cuan, and to **CLOSE** this case.

**DONE AND ORDERED** this 9th day of September, 2020.

*/s/ James D. Whittemore*

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Petitioner, Counsel of Record